**Iskandar v. Mary Hitchcock Mem. Hosp. CV-99-526-B    01/11/00**

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Atif Iskandar**</u>

    **v.**                                        Civil No. 98-526
                                                Opinion No. 2000 DNH 011

<u>**Mary Hitchcock Memorial Hospital**</u>


<u>**O R D E R**</u>

Construing Atif Iskandar's response to Mary Hitchcock Memorial Hospital's motion for summary judgment in the light most favorable to Iskandar, the only evidence in the record to support a claim of national origin harassment is:  (1) testimony supplied by a co-worker that on one occasion another non-supervisory co-employee referred to Iskandar as a "sand nigger"; and (2) Iskander's testimony that on subsequent occasions, the same co-employee stared at Iskandar and refused to speak with him.  It is undisputed that when Mary Hitchcock Hospital investigated Iskandar's claim, the co-employee denied making the statement. Nevertheless, the Hospital informed the co-employee that such statements would not be tolerated.  There is no admissible

evidence in the record suggesting that either the co-employee or anyone else ever repeated the statements.

The evidence Iskandar cites is insufficient to support his hostile work environment claim. He has not presented evidence to show that he endured the kind of severe or pervasive harassment necessary to establish a claim of national origin harassment. Cf. Faragher v. City of Boca Raton, 624 U.S. 775, 778 (1998) (noting, in sexual harassment context, that "'sporadic use of abusive language'" will not be sufficient to support a hostile environment claim) (citation omitted); Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) ("For racist comments, slurs and jokes to constitute a hostile work environment claim, there must be 'more than a few isolated incidents of racial enmity.'") (quoting Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir. 1986)). As a result, Mary Hitchcock Hospital is entitled to summary judgment with respect to this claim.

To the extent that Iskander also purports to state a claim of national origin discrimination, i.e., he was terminated

because of his national origin, his claim must be dismissed because he has failed to exhaust his administrative remedies. See Johnson v. General Electric, 840 F.2d 132, 139 (1st Cir. 1988). Moreover, summary judgment is warranted because Iskandar has failed to produce any evidence suggesting that he was discharged because of his national origin.

Iskander has abandoned his remaining claims. Accordingly, defendant's motion for summary judgment (document no. 10) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 11, 2000

cc:   Nancy Sue Tierney, Esq.
      Byry Kennedy Esq.
      Jeffrey Scott Brody, Esq.